UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| AIG PROPERTY CASUALTY INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>V.<br><br>P & P CONSTRUCTION, INC.,<br><br>  Defendant. | CIVIL ACTION NO. 7:17-140-KKC<br><br><br>MEMORANDUM OPINION AND ORDER |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on Plaintiff AIG's Property Casualty Insurance Company's motion for summary judgment. (DE 27). For the following reasons, the motion shall be **GRANTED**.

## I.  INTRODUCTION

This dispute arises out of an insurance contract between Plaintiff AIG and Defendant P & P Construction, Inc. (DE 1 at 2). On November 1, 2015, AIG issued P & P a workers' compensation and employers' liability insurance policy, which was effective from November 1, 2015, to November 1, 2016. *Id.* The policy specifically provides that all "premium for this policy will be determined by our manuals of rules, rates, rating plans and classifications." (*Id.*; *see also* DE 1-1 at 13). The policy goes on to provide that

> [t]he premium shown on the Information Page, schedules, and endorsements is an estimate. *The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis* and the proper classifications and rates that lawfully apply to the business and work covered by this policy. *If the final premium is more than the premium you paid to us, you must pay us the balance.*

1

(DE 1-1 at 13 (emphasis added)). At the beginning of the policy period, AIG calculated the estimated premium to be $164,704, *id.* at 5, which was eventually reduced to $141,378, (DE 1 at 3–4), which P & P paid, *id.* at 4. Following the expiration of the policy, in accord with the terms of the policy, the final premium was determined to be $433,600, of which P & P had already paid $141,378. (DE 1 at 4; DE 1-1 at 13; DE 1-3). As such, on April 4, 2017, AIG sent P & P a bill for the remaining amount due of $292,222. (DE 1-3). P & P never paid the amount due, despite AIG's multiple attempts to work with and collect from P & P. (DE 1 at 5; DE 1-4).

After P & P failed to pay the liquidated amount due under the policy, AIG filed this suit for breach of contract and, in the alternative, unjust enrichment. (DE 1). AIG seeks only to recover the $292,222 due under the policy, subject to pre and post-judgment interest and costs. *Id.* at 7.

## II. STANDARD OF REVIEW

A moving party is entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to defeat a summary judgment motion, "[t]he nonmoving party must provide more than a scintilla of evidence," or, in other words, "sufficient evidence to permit a reasonable jury to find in that party's favor." *Van Gorder v. Grand Trunk W. R.R., Inc.*, 509 F.3d 265, 268 (6th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Summary judgment must be entered if, "after adequate opportunity for discovery," a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 940 (6th Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted)).

## III. ANALYSIS

### A. Procedural Posture of the Case

Before proceeding to the merits of this action, because it is disputed, the Court must clarify the procedural posture of this case. Prior to the initiation of this action on August 25, 2017, the owner of P & P, Robert Pugh, filed another action in the Letcher County Circuit Court. *Robert Pugh v. AIG Property Casualty Company*, 17-ci-00226 (filed July 28, 2017). That action was removed from the Letcher County Circuit Court to this Court on September 6, 2017. *Robert Pugh v. AIG Property Casualty Company*, 7:17-cv-143, (DE 1). Here, P & P argues that this breach of contract and unjust enrichment case involves claims that are properly characterized as compulsory counterclaims in *Pugh*, which would require the dismissal of this action in its entirety. (DE 28).

As a general matter, a compulsory counterclaim is one that at the time of service the defendant has against the plaintiff, which arises out of the same "transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1). To arise out of the same transaction or occurrence, it must be the case that "the issues of law and fact raised by the claims are largely the same [or] substantially the same evidence would support or refute both claims." *Sanders v. First Nat'l Bank & Trust Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir. 1991). Here, while the parties are the same in both this case and *Pugh*, the cases involve separate legal bases and factual issues. *Pugh* is a negligence action where Pugh alleges that AIG negligently failed to renew the insurance policy between P & P Construction and AIG. *Pugh*, 7:17-cv-143, (DE 1-1 at 8); *see also AIG Property Casualty Company v. P & P Construction, Inc.*, 7:17-cv-140, (DE 28 at 1 (P & P construction characterizes the *Pugh* matter as one filed in "negligence")). This case is a breach of contract and unjust enrichment matter pertaining to P & P's failure to pay the amount due

under the original insurance policy between P & P and AIG. (DE 1). The legal and factual questions in these cases raise clear and distinct issues. As such, it cannot be said that this breach of contract claim is a compulsory counterclaim to the negligence claim in *Pugh*. *Sanders*, 936 F.2d at 277. Accordingly, this case proceeds on the merits.

### B. Breach of Contract and Unjust Enrichment

Resolution of this claim hinges on the plain language of the insurance contract. The interpretation of a contract is a question of law for the Court. *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 384 (Ky. Ct. App. 2002) (citing *First Commonwealth Bank of Prestonsburg v. West*, 55 S.W.3d 829, 835 (Ky. Ct. App. 2000)). In interpreting a contract, the Court's purpose "is to effectuate the intentions of the parties" in drafting the agreement. *Id.* "Absent an ambiguity in the contract, the parties' intentions must be discerned from the four corners of the instrument without resort to extrinsic evidence." *Id.* at 385 (citing *Hoheimer v. Hoheimer*, 30 S.W.3d 176, 178 (Ky. 2000)). "The fact that one party may have intended different results [] is insufficient to construe a contract at variance with its plain and unambiguous terms." *Id.* (citing *Green v. McGrath*, 662 F. Supp. 337, 342 (E.D. Ky. 1986)).

Here, the plain language of the contract between AIG and P & P clearly provides that the final rates, not the estimated rates, will be used to determine the final premium due under the policy. (DE 1-1 at 13). As such, unless there is some reason to find the final premium rates invalid, the unpaid premium as calculated by AIG must be paid by P & P. *See Acuity, A Mut. Ins. Co. v. Servs. Constr., LLC*, 2017 WL 2543307, at *10 (E.D. Ky. June 12, 2017); *Am. Zurich Ins. Co. v. MVT Servs., Inc.*, 2012 WL 3064650, at *10 (Tenn. Ct. App. July 27, 2012) (enforcing insurer's contractual right to recover unpaid audited premium). Where, as here, however, the insured has articulated no basis to invalidate the insurer's

determination of the final premium due, summary judgment must be awarded to the insurer. *See James River Ins. Co. v. Bates Contracting & Constr., Inc.*, 2015 WL 1197532, at *5 (Ky. Ct. App. Mar. 13, 2015); *Harvest Homebuilders LLC v. Kentucky Employers' Mut. Ins.*, 2009 WL 1424028, at *2 (Ky. Ct. App. May 22, 2009).

In support of it's motion for summary judgment, AIG notes that the amount due under the contract—$292,222—is undisputed. (DE 27-1 at 4). P & P's only attempted refutation of this amount is that it believed that an *estimated* rate provided prior to the final audit should apply, rather than the final rates. (*Id.*; DE 28 at 8–9). This, however, is contrary to the plain language provided in the contract. (DE 1-1 at 13 ("The final premium will be determined after this policy ends by using the actual, *not the estimated*, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy.")). P & P does not otherwise challenge the calculation of the $292,222 due. Indeed, P & P indicates *no* substantive argument as to how or why the final rates are inapplicable, unlawful, or contrary to the plain language of the contract. (DE 28). And P & P's argument that estimated rates should apply, rather than the final rates, is clearly invalid. (DE 1-1 at 13). "In the absence of ambiguity a written instrument will be strictly enforced according to its terms." *New Life Cleaners v. Tuttle*, 292 S.W.3d 318, 322 (Ky. Ct. App. 2009) (quoting *Mounts v. Roberts*, 388 S.W.2d 117, 119 (Ky. 1965)). Accordingly, summary judgment is granted to AIG in the amount of $292,222.

### C. Pre and Post-Judgment Interest

AIG asks the Court to include an award of pre and post-judgment interest. In a diversity case, state law governs awards of prejudgment interest. *Jack Henry & Associates, Inc. v. BSC, Inc.*, 487 F. App'x 246, 260 (6th Cir. 2012) (internal quotation marks omitted) (quoting *Estate of Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir.2005)).

The "longstanding rule" in Kentucky "is that prejudgment interest is awarded as a matter of right on a liquidated demand, and is a matter within the discretion of the trial court or jury on unliquidated demands." *3D Enterprises Contracting Corp. v. Louisville and Jefferson County Metropolitan Sewer Dist.*, 174 S.W.3d 440, 450 (Ky. 2005) (citing *Nucor Corp. v. General Electric Co.*, 812 S.W.2d 136, 141 (Ky. 1991)). "Precisely when the amount involved qualifies as 'liquidated' is not always clear, but in general 'liquidated' means 'made certain or fixed by agreement of parties or by operation of law. Common examples are a bill or note past due, an amount due on an open account, or an unpaid fixed contract price.'" *Nucor Corp.*, 812 S.W.2d at 141 (quotations and citation omitted).

In determining whether a claim is liquidated or unliquidated, "one must look at the nature of the underlying *claim*, not the final award." *3D Enterprises*, 174 S.W.3d at 450. "Liquidated claims are 'of such a nature that the amount is capable of ascertainment by mere computation, can be established with reasonable certainty, can be ascertained in accordance with fixed rules of evidence and known standards of value, or can be determined by reference to well-established market values.'" *Id.* (quoting 22 Am.Jur.2d Damages § 469 (2004)). In contrast, an unliquidated damages claim is one that has "not been determined or calculated" and "not yet reduced to a certainty in respect to amount." *Ford Contracting, Inc. v. Kentucky Transp. Cabinet*, 429 S.W.3d 397, 414 (Ky. Ct. App. 2014) (quoting *Nucor Corp.*, 812 S.W.2d at 141). "[I]f damages are both undisputed and liquidated, prejudgment interest is payable as a matter of law." *Barnett v. Hamilton Mut. Ins. Co. of Cincinnati, Ohio*, No. 2009-CA-002234-MR, 2011 WL 43307, at *3–4 (Ky. Ct. App. Jan. 7, 2011) (citing *Nucor Corp*, 174 S.W.3d 440; *3D Enterprises Contracting Corp.*, 174 S.W.3d 440)).

The amount due in this case, $292,222, is a liquidated amount. This amount was determined according to fixed rates and premiums calculated by AIG and agreed to in the

insurance contract between AIG and P & P. (*See* DE 1-1; DE 1-2; DE 1-3; DE 1-4). In other words, a bill of $292,222 was sent to P & P for an amount due under a contract, and the bill has not been paid. (DE 1-3). This is precisely the sort of damage envisioned by the Kentucky Supreme Court when it defined 'liquidated damages' in *Nucor Corp. v. General Electric Co.*, 812 S.W.2d 136, 141 (Ky. 1991) ("[I]n general, 'liquidated' means 'made certain or fixed by agreement of parties or by operation of law. Common examples are a *bill or note past due*, an amount due on an open account, or an unpaid fixed contract price.'") (emphasis added). As such, prejudgment interest is awarded to AIG.

"Prejudgment interest begins to accrue on the date a payment becomes due." McElhinney v. Hosea, No. 2011-CA-001217-MR, 2013 WL 4779761, at *3 (Ky. Ct. App. Sept. 6, 2013). Accordingly, the Court will award AIG prejudgment interest from May 4, 2017, the date that P&P's payment became due. (DE 1-3.)

"It is well-accepted that a federal court sitting in diversity should use the state-law interest rate when awarding prejudgment interest." *Id.* at 497. Under Kentucky law, "[p]rejudgment interest is limited to the legal rate, found in KRS 360.010, of 8%." *Fields v. Fields*, 58 S.W.3d 464, 467 (Ky. 2001). "The trial court may award prejudgment interest at any rate up to 8%." *Id.* The Kentucky statute pertaining to post-judgment interest, KRS 360.040, provides that a judgment must award interest at six percent. KRS 360.040(1). *Reliable Mech., Inc. v. Naylor Indus. Servs., Inc.*, 125 S.W.3d 856, 857 (Ky. Ct. App. 2003) This is also an appropriate rate for this award of pre-judgment interest.

Pre-judgment interest "has traditionally been simple interest." *Id.* at 858. The Court does not find anything about this case that warrants deviating from that tradition.

Post-judgment interest is also awarded pursuant to 28 U.S.C. § 1961.

## IV. CONCLUSION

On April 4, 2017, AIG sent P & P a final bill for services provided pursuant to an insurance contract. (DE 1-3). P & P refused to pay. (DE 1). P & P does not dispute the validity of the contract, the method of calculating the final bill, or the quality of the services provided by AIG pursuant to the contract. (DE 28). Rather, P & P claims that an estimated rate of interest should apply, rather than the final rate. *Id.* at 8–9. This argument is contrary to the plain language of the contract. (DE 1-1 at 13 ("The final premium will be determined after this policy ends by using the actual, *not the estimated*, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy.")). "In the absence of ambiguity a written instrument will be strictly enforced according to its terms." *New Life Cleaners v. Tuttle*, 292 S.W.3d 318, 322 (Ky. Ct. App. 2009) (quoting *Mounts v. Roberts*, 388 S.W.2d 117, 119 (Ky. 1965)). Accordingly,

**IT IS ORDERED** as follows:

1. Plaintiff AIG Property Casualty Insurance Company's motion for summary judgment, (DE 27), is **GRANTED**; and
2. Plaintiff AIG Property Casualty Insurance Company is **AWARDED** $292,222, together with pre-judgment simple interest of 6 percent commencing on May 4, 2017 and post-judgment interest on the Judgment amount at the legal rate of interest effective on the date of entry of this Judgment, computed daily and compounded annually, until paid in full;
3. Within 14 days of the entry date of this order, AIG Property Casualty Insurance Company SHALL FILE a proposed judgment containing an amount for pre-judgment interest calculated in accordance with this opinion and order; and

4. P&P may file an objection to the pre-judgment interest calculation, but any such objection MUST BE FILED within 21 days of this order.

Dated January 2, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY